NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3298
_____

MR. DAVID MEYERS,
　　　　　　　　Appellant

v.

R. MARTINEZ, WARDEN;
U.S. ATTORNEY OFFICE;
U.S. ATTORNEY OLIVIA HAWKINS, ESQ.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 10-cv-01607)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 24, 2010

Before:  SCIRICA, SMITH and VANASKIE, Circuit Judges

(Filed: November 30, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM.

　　David Meyers, a federal inmate at USP-Allenwood in Pennsylvania, filed a

petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District

Court for the Eastern District of Pennsylvania, claiming, among other things, that the Bureau of Prisons has failed to credit his sentence for certain periods of time spent in custody. The District Court summarily dismissed the habeas petition. It noted that Meyers raised the same claims in a § 2241 petition that was pending before the District Court for the Middle District of Pennsylvania, his district of confinement. Because venue over Meyers' petition is proper in the Middle District, and because Meyers' claims were pending in that court, the District Court dismissed the habeas petition in the instant case. Meyers appeals. We have appellate jurisdiction under 28 U.S.C. § 1291.

We conclude that the District Court correctly dismissed Meyers' petition. The proper venue for a § 2241 proceeding is the prisoner's district of confinement. Padilla v. Rumsfeld, 542 U.S. 426, 443 (2004). For Meyers, that venue is the Middle District of Pennsylvania, the judicial district that encompasses the USP-Allenwood facility. Meyers seems to argue that the Eastern District of Pennsylvania could properly entertain his claim that he is entitled to sentence credit for time that he served at FDC-Philadelphia, a facility within the judicial district covered by the Eastern District of Pennsylvania. Appellant's Br. at 4. In Padilla, the Supreme Court made it clear that, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." 542 U.S. at 443. As such, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Id. at 447. The District Court properly applied this black-letter rule in

dismissing Meyers' petition.

We note that the District Court did not expressly address the possibility of transferring Meyers' petition to the Middle District of Pennsylvania rather than dismissing it. Such a transfer would be appropriate if "in the interest of justice." 28 U.S.C. § 1631. As mentioned, Meyers had a § 2241 petition pending in the Middle District of Pennsylvania at the time the District Court dismissed the instant petition. See M.D. Pa. Civ. No. 10-cv-01151. A review of the pro se petitions in the two cases reveals no material difference in the claims asserted, and Meyers has not suggested any difference.[1] The Middle District of Pennsylvania entered an order denying Meyers' petition on July 9, 2010. Meyers' appeal of that ruling is pending before this Court. See C.A. No. 10-3297. Under the circumstances, a transfer of the petition in the instant case would not serve the interest of justice.

For the foregoing reasons, we will affirm the District Court's judgment.

---

[1] The Middle District of Pennsylvania identified a total of ten claims in Meyers' petition. The court dismissed six of those claims because they challenged the conditions of Meyers' confinement, and thus are not properly raised in a habeas corpus proceeding, and it denied the four claims seeking habeas relief. We express no view here on the merits of the Middle District of Pennsylvania's decision on Meyers' petition. We note only that the petition filed in the present case sets forth claims that Meyers asserted in his Middle District petition. Further, insofar as Meyers asserted claims in the present case challenging the conditions of his confinement (i.e., failure-to-protect and medical-treatment claims), such claims are not cognizable in a § 2241 proceeding, and were properly dismissed without prejudice to Meyers' right to seek relief in a civil rights action under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). See Leamer v. Fauver, 288 F.3d 532, 542-44 (3d Cir. 2002).